HARRY B. HOOPER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5271.   Promulgated September 29, 1927.

1. Amount of deductions on account of expenditures for labor determined.
2. Depreciation of vineyard and peach orchard determined.

*A. H. Hewitt, Esq.*, for the petitioner.
*A. George Bouchard, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income tax for the year 1921 in the amount of $374.33. The deficiency arises from the partial disallowance by the respondent of certain deductions taken by the petitioner on account of payments made for labor, and for depreciation of buildings, vineyards, and orchards.

FINDINGS OF FACT.

The petitioner is an individual residing in Sutter County, California. He is and has been since 1912 a vineyardist and orchardist, engaged in growing grapes, peaches, and pomegranates.

The petitioner had at the beginning of the year 1921, 65 acres of bearing vineyard, consisting of Thompson's seedless grapes. In that year the vineyard was attacked by a disease known as Phylloxera and damaged to such an extent that the petitioner was compelled to dig

up and destroy 10 acres thereof, and the remainder was so affected that it has not since that time produced as large a crop as it did before it was attacked by the disease. The cost of bringing a vineyard to the bearing age is $200 per acre and the average bearing life of vineyards in the vicinity in which the petitioner's vineyard is located is 7 years. The record does not show when the petitioner's vineyard was planted, or when it reached the bearing age.

The petitioner was also during the year 1921 the owner of a bearing peach orchard, consisting of 38 acres. The cost of bringing a peach orchard to the bearing age, which is from 3 to 5 years, is $400 per acre. The petitioner's peach orchard had a bearing life of 15 years. The record does not show when it was set out or when it reached the bearing age.

The petitioner in the year 1921 employed men to work in his orchard and vineyard and he paid them $8,374.12 in wages and also furnished them with subsistence at a cost of $1,413.73, making a total labor cost of $9,787.85.

The petitioner in his income-tax return for the year 1921, deducted from gross income the amount of $9,760.85 on account of expenditures made for labor employed by him in that year, and also took a deduction for the depreciation of his vineyard and peach orchard and for the 10 acres of vineyard he was compelled to destroy. The respondent reduced the deduction taken on account of money paid for labor to the amount of $7,946.07, and also disallowed part of the deduction taken for the depreciation and destruction of the vineyard and orchard.

OPINION.

MARQUETTE: The evidence in this proceeding is so meagre that it is difficult to make an adequate finding of facts upon which to base a decision. However, from the evidence that was presented to us, we are convinced that in the year 1921 the petitioner expended $9,787.85, for wages and subsistence of laborers employed in his vineyard and orchard, and that he is entitled to deduct that amount in computing his net income for that year. We are also satisfied that the cost of bringing the petitioner's peach orchard of 38 acres to a bearing state was $400 per acre, and that it has a bearing life of 15 years. The petitioner is therefore entitled to deduct from gross income for the year 1921 as an allowance for the depreciation of his peach orchard an amount computed on the basis of a cost of $400 per acre and a life of 15 years.

With reference to the petitioner's vineyard we are satisfied that the cost of bringing it to a bearing state was $200 per acre and that it had a bearing life of 7 years. The petitioner claims that he is entitled to deduct from gross income the entire cost of the vineyard which

he was compelled to dig up and destroy and that he is entitled to more than the ordinary depreciation on the remaining 55 acres, because it was damaged by disease. We are not able to ascertain from the record when the 10 acres mentioned were set out or when they reached a bearing age and therefore can not here determine the depreciated cost thereof as of January 1, 1921. The petitioner is not entitled to deduct in the year 1921 the entire cost of bringing the 10 acres in question to a bearing state, but he is entitled to a deduction in the amount of the depreciated cost of the 10 acres as of January 1, 1921, computed on the basis of the cost of $200 per acre and a bearing life of 7 years. The evidence is not sufficient to warrant us in allowing more than the normal depreciation on the remaining 55 acres of vineyard, and we therefore hold that as to that part of the vineyard the allowance for depreciation for the year 1921 should be computed on the basis of $200 per acre and a bearing life of 7 years.

Other errors on the part of the respondent in computing the petitioner's depreciation allowance were alleged by the petitioner, but he introduced no evidence to sustain them.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by PHILLIPS, MILLIKEN, and VAN FOSSAN.